Troy R. DOUTHIT and Mildred P. Douthit, Plaintiffs-Appellees,

v.

UNITED STATES of America, Defendant-Appellant.

Cecil S. CARROLL and Treba Carroll, Plaintiffs-Appellees,

v.

UNITED STATES of America, Defendant-Appellant.

Nos. 20113, 20114.

United States Court of Appeals, Sixth Circuit.

Oct. 6, 1970.

---

Richard W. Perkins, Atty., Dept. of Justice, Washington, D. C., for defendant-appellant; Johnnie M. Walters, Asst. Atty. Gen., Lee A. Jackson, Elmer J. Kelsey, Attys., Dept. of Justice, Washington, D. C., on brief; Thomas F. Turley, Jr., U. S. Atty., Memphis, Tenn., of counsel.

Newton P. Allen, Memphis, Tenn., for plaintiffs-appellees; H. A. McBride, John J. Doggett, Jr., Memphis, Tenn., on brief; Armstrong, Allen, Braden, Goodman, McBride & Prewitt, Memphis, Tenn., of counsel.

Before WEICK, EDWARDS and BROOKS, Circuit Judges.

PER CURIAM.

Plaintiffs-appellees are partners in an automobile dealership seeking a refund of federal incomes taxes paid by them pursuant to deficiencies assessed by the Internal Revenue Service as a result of an adjustment required by a change in their accounting method, 26 U.S.C. § 472 (a). The adjustment was to prevent the omission of $97,571.77 from taxable income when the partnership shifted from a cash basis treatment of "dealer reserve income" (income withheld by a finance company as security on notes discounted to them by the dealer for the purchase of new automobiles until complete payment of the debt) to an accrual basis. See, Commissioner of Internal Revenue v. Hansen et ux., 360 U.S. 446, 79 S.Ct. 1270, 3 L.Ed.2d 1360 (1959).

The District Court ruled in favor of the taxpayer holding that the Supreme Court decision in Commissioner of Internal Revenue v. Hansen, *supra*, required that taxpayers who had accounted for this dealer reserve income on a cash basis had to, beginning in 1960, account for this income on the accrual basis. Since the deficiency adjustment in this case was levied on September 16, 1964, the District Court concluded that the three year statute of limitations, 26 U.S.C. § 6501, had run for 1960, and the assessment was barred. The Government argues that Commissioner of Internal Revenue v. Hansen did not require a change in 1960 and that the taxpayers, to effect a change in accounting methods, had to get the consent of the Commissioner, 26 U.S.C. § 446(e). That consent the Government maintains was not given until 1961 and, therefore, at the time the Commission assessed the deficiency the statute of limitations had not run. Because of admissions made by the taxpayers during oral argument in this case, it is not necessary that we determine whether the Supreme Court's decision in *Hansen* required that they change their accounting method for dealer reserve income in 1960, even without consent of the Commissioner. At oral argument, taxpayers conceded having had the fact drawn to their attention that they had executed a Form 872 (Consent Fixing Period of Limitation Upon Assessment of Income and Profits Tax) extending the time for assessment of their 1960 income taxes until December 31, 1964. Thus, even if *Hansen* required a change in 1960, the taxpayers' voluntary waiver of the ordinary three year statute of limitations until December 31, 1964, would mean that if the deficiency assessed on September 16, 1964, had been for the tax year 1960 instead of 1961, it would not have been barred. A reading of 26 U.S. C. § 481(a) shows that there is no merit to taxpayers' argument that adjustments made pursuant to this statute, because

of a Supreme Court decision mandating a change in particular accounting methods, must be made in the year the Supreme Court decision was rendered.

The judgment is reversed and this cause is remanded to the District Court with instructions to dismiss the complaint.