**T.H. KEMPER, Trustee of the Gopher Stockholders' Liquidating Trust, successor to Gopher, Incorporated, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. No. 83-0873-R.**

United States District Court, W.D. Virginia, Roanoke Division.

June 27, 1984.

William B. Poff, James B. Massey, III, Woods, Rogers & Hazlegrove, Roanoke, Va., for plaintiff Kemper.

Jennie L. Montgomery, Asst. U.S. Atty., Roanoke, Va., D. French Slaughter, III, Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for defendant.

## MEMORANDUM OPINION

KISER, District Judge.

This is a suit for refund of federal income taxes pursuant to 28 U.S.C. § 1346(a)(1). The matter is before the Court on cross-motions for summary judgment.

The facts of the case are not in dispute and are briefly as follows. The Plaintiff is the trustee of a liquidating trust for Gopher, Inc. which prior to October 16, 1981, was named Mick-or-Mack Stores Co., Inc. Mick-or-Mack operated a wholesale and retail grocery business until October 12, 1981. On that date, the corporation sold substantially all of its assets to a third party pursuant to a plan of complete liquidation.

In the tax year of 1974, the company had adopted the half-year averaging convention to calculate the depreciation deduction with respect to depreciable assets acquired or disposed of during the year. Under the convention, the corporation deducted as a depreciation allowance with respect to each depreciable asset it acquired or disposed of during a taxable year an amount equal to one-half of the deduction which would have been allowable had the asset been in service during the entire taxable year, regardless of when during the tax year the asset was acquired or disposed of.

The taxable year which is the subject of this action was the corporation's 1981 tax year which ended January 2, 1982. For this year in question, the corporation did not utilize its previously adhered to half-year averaging convention with respect to depreciation of its assets sold on October 12, 1981. Instead, the depreciation deduction was based on the actual number of months during the year that those assets were in service (nine). The corporation did not file an "Application for Change in Accounting Method" with the Commissioner of Internal Revenue.

The depreciation deduction calculated without reference to the convention in that year was $344,718.52 and this amount was reported by the corporation on its federal income tax return. If the corporation had calculated the depreciation allowance for 1981 utilizing the half-year averaging convention, the allowable depreciation deduction would have been $228,610.00, a difference of $116.108.00. In a subsequent audit of the corporation's 1981 tax year, the Internal Revenue Service imposed an additional tax of $43,500.00 as a result of the determination by the Internal Revenue Service that the corporation was required to calculate the depreciation on its depreciable assets disposed of in tax year 1981 using the previously applied half-year averaging convention.

The questions presented to this Court by the parties are (a) whether the taxpayer was entitled to cease using the half-year averaging convention without obtaining the consent of the Commissioner of Internal Revenue, and (b) whether the taxpayer was correct in not applying the half-year averaging convention in tax year 1981; that is, would the application of the convention in the year of the sale of the corporation's assets result in a distortion of the depreciation allowance.

### A.

■ The government contends that the abandonment of the half-year averaging convention in the case constituted a change of accounting which required the consent of the Commissioner pursuant to 26 U.S.C. § 446(e). This section in pertinent part provides that "... a taxpayer who changes the method of accounting on the basis of which he regularly computes his income in keeping his books shall, before computing his taxable income under the new method, secure the consent of the Secretary." The taxpayer argues, however, that the taxpay-

er is required not to use the averaging convention in any year in which its use substantially distorts the depreciation allowance for that year. The regulation relating to this depreciation deduction provides that:

> An averaging convention, if used, must be consistently followed as to the account or accounts for which it is adopted, and must be applied to both additions and retirements. In any year in which an averaging convention substantially distorts the depreciation allowance for the taxable year, it may not be used.

26 C.F.R. § 1.167(a)–10(b).

As I read this regulation, in any year in which the use of the convention substantially distorts the depreciation allowance the taxpayer is prohibited from using the convention. Since a change of accounting method is thus mandated, the consent of the Commissioner is not required. *See also Douthit v. United States,* 299 F.Supp. 397 (W.D.Tenn.1969), rev'd on other grounds, 432 F.2d 83 (6th Cir.1970) ("[T]he general requirement of consent to change yields before the more specific commands of the law." 299 F.Supp. at 463.)

### B.

■ Thus, the central question in this case is whether the application of the averaging convention substantially distorts the depreciation allowance for the taxable year 1981 for this taxpayer. Both the Plaintiff and Defendant have indicated that the case of *Helfand v. Commissioner,* 47 T.C.M. 1203, T.C. Memo. 1984—102 (March 1, 1984), is the only case which has specifically discussed the regulation in question.

In that case, Petitioners applied the averaging convention to certain property they purchased eleven days before the end of the taxable year (in effect getting depreciation for six months period or $1,557.00) and deducted this amount on their federal income tax return for that year. The deduction would have been $94.00 absent the averaging condition. The IRS disallowed the depreciation deduction.

After discussing whether petitioner's property qualified as "multiple asset account" which is not at issue in the case at bar, the court resolved the issue of whether the averaging convention utilized by petitioners resulted in a substantial distortion of the depreciation allowance for their taxable year ending December 31, 1979, within the meaning of § 1.167(a)–10(b). The court noted that "[W]e think the correct stand for testing substantial distortion ... is to measure the depreciation under section 167 actually produced for the year by petitioners' use of the averaging convention against the depreciation which would have been produced if the averaging convention had not been elected...." *Helfand, supra,* at 84–384.

The Court then turned to a quantitative assessment of the depreciation distortion occasioned by petitioners' election to utilize an averaging convention for their taxable year 1979 by comparing the two figures reached—$1,557.00 and $94.00. Stating that "[a] comparison of these figures demonstrates that averaging convention utilized by petitioners resulted in substantial distortion of their depreciation allowance ... for 1979," the court disallowed use of the averaging convention. *Helfand, supra,* at 84–385.

In this case, the Plaintiff has asserted that since the non-convention depreciation was greater than what the depreciation would have been using the convention, Plaintiff has shown a distortion of the depreciation allowance. According to Plaintiff, use of the half-year convention in 1981 would result in a depreciation allowance which is 33% less than the depreciation allowance computed on the basis of the actual months the assets were in service, a substantial distortion by any standard.

The government's position is that the measure of substantial distortion of the depreciation allowance requires a comparison of convention and non-convention depreciation over the entire life of the assets. I believe this position is clearly not supported by the language of the regulation or the tax court's ruling in the *Helfand* case.

The regulation states that *"in any year* in which an averaging convention substantially distorts the depreciation allowance *for the taxable year*, it may not be used." 26 C.F.R. § 1.167(a)–10(b). Therefore, I must, as the court in *Helfand* suggested, measure the depreciation actually produced by the taxpayer's use of the averaging convention against the depreciation which would have been produced if the averaging convention had not been elected.

As reflected in the recitation of the facts in the case, the depreciation based on actual months in service was $344,718.52. If the corporation had utilized the convention, the depreciation would have been $228,-610.00. Further, I believe that an important fact in this case is that in this taxable year in question all or substantially all of the taxpayer's depreciable assets were sold in October. This fact, by itself, is almost enough to negate the use of the averaging convention, the purpose of which is to simplify depreciation accounting where multiple assets are acquired or disposed of during the taxable year. *Helfand, supra,* at 84–384. As the court in *Heft v. Commissioner,* 294 F.2d 795, 797 (5th Cir.1961) stated, "To ascertain [the meaning of 'substantial'] in any particular context one must examine the frame of reference and the purpose intended by the use of the term."

At oral argument, the government submitted that 33% difference in depreciation was not substantial and that the regulation was aimed more at abusive situations. I do not concur. I believe in this year when the taxpayer sold all or substantially all of its assets a comparison of the depreciation produced yielded a substantial distortion of the depreciation allowance for the taxable year. In addition, I would submit that if the taxpayer had sold all or substantially all of its assets in March, the use of the convention would similarly distort the depreciation allowance for the taxable year and thus its use would not be permitted.

In conclusion, I find that the use of the averaging convention under the facts of this case substantially distort the deprecia-tion allowance for taxable year 1981, and thus the taxpayer was required not to use the convention. Further, the taxpayer was not required to receive the consent of the Commissioner before calculating depreciation based on actual months in service.

Summary judgment shall be entered for Plaintiff.